UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

URBAN CART INC. and CLIVE BURROW,

                Plaintiffs,

    -against-

AUDREY BRETILLOT, JAMES SORRELL,
NEW YORK TAB, INC., a Delaware
corporation, and NEW YORK TAB, INC., a
New York corporation.

                Defendants.
------------------------------------------------------------x

Civil Action File No.
14-CV-7599 (JGK)

**PLAINTIFF DEMANDS TRIAL BY JURY OF ANY ISSUES TRIABLE TO A JURY**

**AMENDED COMPLAINT**

        Plaintiffs, for their amended complaint, by their attorneys, RAY BECKERMAN, P.C., allege:

        1. Plaintiff Urban Cart, Inc. ("Urban Cart"), is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in New York.

        2. Plaintiff Clive Burrow ("Burrow") is a natural person, a citizen of the United Kingdom, maintaining his principal place of residence in New York.

        3. Defendant Audrey Bretillot ("Bretillot") is a natural person, and citizen of the United States, domiciled in New York.

        4. Defendant James Sorrell ("Sorrell") is a natural person, and citizen of the United States, domiciled in Connecticut.

        5. Defendant New York TAB, Inc., incorporated in Delaware ("Delaware NY TAB") on or about August 8, 2013, is, upon information and belief, a Delaware corporation.

6. Defendant New York TAB, Inc., incorporated in New York ("New York TAB") on November 7, 2005, is a New York corporation.

**JURISDICTION**

7. This action is brought under 17 U.S.C. §§ 411(b) and 512(f), 28 U.S.C. §§ 2201 and 2202, and 15 U.S.C. § 1125(a)(1), and this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

8. Burrow and Bretillot are husband and wife, presently involved in divorce litigation.

9. Plaintiff is a 49% shareholder, and Bretillot a 51% shareholder, in New York TAB, and until August 16, 2013, both were officers of the corporation.

10. In October 1997 a map depicting parts of Manhattan was created jointly by Burrow and one Will Lovell ("Lovell"), as a work for hire on behalf of a corporate predecessor of New York TAB, consisting mostly of uncopyrightable data – i.e. the geography of Manhattan – and consisting partly of copyrightable elements contributed by Burrow and Lovell (the "original map").

11. The map was revised many times during the period 1997 to 2005, with some contributions by Bretillot.

12. Starting in 2003/2004, the map was marketed primarily as a concierge map, to Manhattan hotels for use by their concierges and other customer service personnel.

13. During the period 2005 to 2013 additional copyrightable changes, additions, and variations contributed by both Burrow and Bretillot were added to the original map, in

revised maps which represented works for hire owned by New York TAB or its corporate predecessor ("revised maps") (the "revised maps" and the "original map" are referred to collectively as the "New York TAB maps").

14. On or about August 8, 2013, Bretillot surreptitiously caused Delaware NY TAB to be formed, with an identical name, but causing no shares to be issued to Burrow.

15. On or about August 16, 2013, Bretillot fired Burrow from New York TAB.

16. On or about January 31, 2014, Burrow caused Urban Cart to be formed, which markets new maps created by Burrow subsequent to his ouster from New York TAB, as works for hire of Urban Cart.

### FIRST CLAIM: KNOWINGLY FALSE COPYRIGHT REGISTRATION

17. On or about April 21, 2014, Bretillot filed a fraudulent copyright registration, on behalf of herself, for copies of two (2) of the New York TAB maps, with the Register of Copyrights, falsely representing to the Register of Copyrights that Bretillot was the sole author of the maps as of November 1, 2005, or prior thereto.

18. The Register of Copyrights, relying on Bretillot's false statements, issued Registration Certificate number VA1917498 ("Fraudulent Certificate VA197498") to Bretillot.

19. Upon information and belief, the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

20. By reason of the foregoing, plaintiffs are entitled to a Declaratory Judgment declaring Fraudulent Certificate VA1917498 to be invalid, and cancellation of said registration.

### SECOND CLAIM: KNOWINGLY FALSE DMCA NOTICE

21. On or about September 8, 2014, enclosing a copy of Fraudulent Certificate VA1917498, Sorrell, authorized by Bretillot, sent an equally fraudulent Digital Millenium Copyright Act ("DMCA") "take-down notice", supposedly on behalf of "New York TAB", to Urban Cart's web hosting service, stating:

> This firm represents Audrey Bretillot, and it has come to our attention that you have made an unauthorized use of our client's registered and copyrighted map (the "Map"), registered in the United States Copyright Office under registration number VA 1-917-498, a copy of the Certificate of Registration is herewith sent. As you neither requested nor received consent to use the Map, you have willfully infringed on our client's rights.

22. The DMCA Notice was false in that (A) Bretillot did not own the copyright in the New York TAB maps; and (B) Urban Cart's maps were not copies of the New York TAB maps.

23. In reliance on the fraudulent DMCA Notice, the web hosting service took down the site altogether – i.e. removed it from the internet – not restoring the site until September 12, 2014, causing damage to Urban Cart.

24. By reason of the foregoing, Urban Cart is entitled to its damages and attorneys fees, including its attorneys fees in this action, against defendants jointly and severally.

### THIRD CLAIM: FALSE DESIGNATION OF ORIGIN

25. In addition to the false and misleading DMCA notice sent to Urban Cart's web hosting service, defendants have sent, in interstate commerce by use of fax lines and other electronic communications, other letters and communications to various third parties, containing the same knowingly false information, falsely representing that Bretillot owns a valid copyright in the work she copied from New York TAB, and that the recipients, by using maps disseminated by Burrow and Urban Cart, are infringing on that copyright, and threatening the recipients of said communications with lawsuits for "aiding and abetting" said alleged copyright infringement.

26. On or about September 4, 2014, defendants caused their attorney to send a letter containing such falsehoods to eight (8) different individuals and companies.

27. On a date which is unknown to plaintiffs, defendants communicated the same misinformation to the City of New York's tourism agency, which, in reliance on said letter, has ceased disseminating Urban Cart's maps.

28. Plaintiff does not know how many other similar communications defendants have sent to other individuals and companies, or how many more they intend to send, but without judicial intervention they will continue in this pernicious and deceptive campaign.

29. In using a false copyright notice, copies of a fraudulently obtained registration certificate, and by sending or otherwise uttering these communications in commerce, defendants have used words, terms, names, and symbols, and combinations thereof, and false designation of origin, false and misleading description, and false and misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the origin of the map which

Bretillot unlawfully appropriated from New York TAB and claimed as her own, and is likewise misleading as to the origin of Urban Cart's maps, which were created by and for Urban Cart.

30. By falsely designating the origin of two maps which Bretillot is falsely passing off as her own, falsely claiming Bretillot to be the creator and owner of Urban Cart's maps, and falsely claiming to be entitled to copyright therein, defendants are in violation of the Lanham Act, specifically 15 U.S.C. 1125(a)(1),

31. Plaintiffs have no adequate remedy at law.

**FOURTH CLAIM: ADDITIONAL KNOWINGLY FALSE COPYRIGHT REGISTRATIONS**

32. On or about April 21, 2014, Bretillot filed three additional fraudulent copyright registrations, on behalf of herself, for copies of other New York TAB maps, with the Register of Copyrights, falsely representing to the Register of Copyrights that Bretillot was the sole author of the maps as of April 8, 2008, March 17, 2010, and April 23, 2010, respectively.

33. The Register of Copyrights, relying on Bretillot's false statements, issued Registration Certificates numbered VA1935503, VA1935595, and VA1935504 ("Fraudulent Certificates VA1935503, VA1935595, and VA1935504") to Bretillot.

34. Upon information and belief, the inaccurate information was included on the applications for copyright registration with knowledge that it was inaccurate; and the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

35. By reason of the foregoing, plaintiffs are entitled to a Declaratory Judgment declaring Fraudulent Certificates VA1935503, VA1935595, and VA1935504, to be invalid, and cancellation of said registrations.

WHEREFORE plaintiffs pray for judgment

(A) Declaring Copyright Registration Certificates numbered VA1917498, VA1935503, VA1935595, and VA1935504, to be invalid;

(B) Cancelling said registrations;

(C) Granting plaintiffs damages pursuant to 17 U.S.C. § 512(f) and 15 U.S.C. § 1125(a)(1);

(D) Granting plaintiffs attorneys fees and costs pursuant to 17 U.S.C. §§ 505, 512(f), and 15 U.S.C. § 1117(a);

(E) Enjoining defendants, their officers, agents, employees, and attorneys, and others acting in concert with them, from (I) making any statements to current and potential Urban Cart customers or any other persons or entities with which plaintiffs have or seek to have a business relationship, that Bretillot owns valid copyright on the maps she deposited in connection with Copyright Registration Certificate numbers VA1917498, VA1935503, VA1935595, and VA1935504, and/or that plaintiffs have infringed said copyrights; (II) threatening to sue, or suing, any such persons or entities; (III) placing on, or affixing to, any New York TAB map or any map of plaintiffs any notice of copyright; and/or (IV) filing any further copyright registrations on the maps created by or for New York Tab and/or plaintiffs; and

(F) Granting plaintiffs such other and further relief as to the Court seems proper.

Dated: Forest Hills, New York
      March 25, 2015

                                      **RAY BECKERMAN, P.C.**

                                      By: _/s/ Ray Beckerman_
                                      Ray Beckerman (RB8783)
                                      Attorneys for Plaintiffs
                                      108-18 Queens Blvd. 4th Fl.
                                      Forest Hills NY 11375
                                      (718) 544-3434
                                      ray@beckermanlegal.com